# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

In re:                              )
                                    )
BRIAN A. JACKSON                    )
           DEBTOR.                  )    Case No. 05-49574-JBR
_____)

**ORDER ON DEBTOR'S MOTION TO REOPEN CHAPTER 7 CASE AND FOR ORDER DETERMINING DEBT OWED TO THE COMMONWEALTH OF MASSACHUSETTS TO BE DISCHARGEABLE**

This matter came before the Court for hearing on the Debtor's Motion to Reopen Chapter 7 Case and for Order Determining Debt Owed to Commonwealth of Massachusetts to be Dischargeable [#14] and the Massachusetts Department of Revenue's ("MDOR") Objection thereto [#16].

FACTS

The Debtor filed his Chapter 7 bankruptcy in October 2005. Schedule F reflects that the Debtor scheduled the MDOR as having a general unsecured claim of approximately $20,000 for income taxes incurred in 1993-2001. Although the amount of the claim is listed as an approximate amount, contrary to the Debtor's allegations in his Motion to Reopen, it is not listed as disputed. On January 30, 2006 the discharge order entered and on February 11, 2006 the case was closed. It is a no asset case so creditors never received instructions to file proofs of claim. Neither the Debtor nor the MDOR brought an adversary proceeding to determine whether some or all of the state tax debt was dischargeable.[1]

---

[1] Because this is a no asset case, the Notice of Commencement of Case instructs the creditors not to file proofs of claim unless a further order to file claims issues. Thus it would appear that the time for the Debtor to file a proof of claim on the MDOR's behalf pursuant to the Fed. R. Bankr. P. 3005(a) never came to fruition. In such cases, debtors should give careful consideration to their ability to commence a § 523 action against a governmental unit and the

About one month after the Chapter 7 case was closed, the MDOR sued the Debtor in state court seeking to recover taxes, which the MDOR calculated as $19,764.64, for the tax years 1993. 1995-1999, and 2001. In the state court action the MDOR alleges that the Debtor "willfully attempted to evade or defeat the assessment and payment" of these taxes. In May 2006 the Debtor filed the instant motion in which he seeks to have the Chapter 7 case reopened so the Court may determine "the effect and scope" of his discharge and to determine whether the taxes at issue in the state court litigation are nondischargeable pursuant to 11 U.S.C. § 523(a)(1)(C). He argues that the issue is "exclusively one of federal bankruptcy law" and that this Court has exclusive, not concurrent, jurisdiction over the dischargeability matter. He argues that the MDOR should have raised its § 523(a)(1)(C) action in the bankruptcy. The motion does not seek to remove the state court action.

DISCUSSION

Because the Debtor failed to obtain a determination that the taxes were not exempted from discharge, they are not automatically covered by the discharge. Section 523(a)(1), unlike exceptions to the discharge order found in subsections 523(a)(2), (4), and(6),and prior to the amendment of the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, (15), does not require any affirmative action on the part of the creditor to protect its debt from discharge. 11 U.S.C. § 523(c)(1). As a result courts addressing the question have stated that such debt is not included in the scope of the discharge. "[W]ith certain types of

---

need to file such a declaratory judgment action in order to discharge tax debts they believe are dischargeable.

2

debts-tax debts being one of them-the debtor is generally required to bring an action to determine the dischargeability of the debt. And, in the absence of such an action, the debt cannot be discharged." *Ramey v. Barton (In re Barton)*, 321 B.R. 869, 876 (Bankr. N.D. Ohio 2004)(footnote omitted). *See also In re Thompson*. 207 B.R. 7, 9 (Bankr. M.D. Fla. 1996)(creditor holding debt other than kind specified in § 523(a)(2), (4), (6) or (15) not required to bring action requesting that debt be exempted from discharge).

The fact that the Debtor's discharge did not include the MDOR debt does not preclude either party from seeking a determination of dischargeability of the tax debt even after the case is closed.[2] As the court in *United States v. Matthews (In re Matthews)*, 158 B.R. 856, 858 (M.D. Fla. 1993), noted in concluding that the IRS was not required to file a dischargeability action in bankruptcy court to preserve debt from discharge, "[t]he law is clear that failure to file a complaint for debts protected from discharge under Section 523(a)(1) does not affect the dischargebility or nondischargeability of the debt." Therefore, the MDOR is free to seek a determination that the debts are nondischargeable because of § 523(a)(1)(C).

The Debtor argues that this Court must hear the dischargeability action as the state court lacks jurisdiction over the matter. 28 U.S.C. § 1334(b) grants "original *but not exclusive* jurisdiction over of all civil proceedings arising under title 11, or arising in or related to cases under title11." (Emphasis added). The state court has concurrent jurisdiction to determine the dischargeability of debts that arguably fall under § 523(a)(1).

> Unlike dischargeability questions under §§ 523(a)(2), (4) and (6), dischargeability questions under § 523(a)(1) are of the type over which the bankruptcy court has concurrent, but not exclusive, jurisdiction. 3 Collier on Bankruptcy, § 523.06, at 523-36 (15th ed.

---

[2]The time limit of Fed. R. Bankr. P. 4007(c) applies only to those actions which fall within the scope of § 523(c).

3

> 1987). While a creditor seeking a determination of nondischargeability of its debt under §§ 523(a)(2), (4) and (6) must file an objection to discharge in the bankruptcy court or have its debt discharged (see 11 U.S.C. § 523(c) and Bankruptcy Rule 4007(c)), a creditor with a type of debt listed as nondischargeable under §§ 523(a)(1), (3), (5), (7), (8) or (9) may wait until the conclusion of the bankruptcy proceeding and then bring suit on its claim in the appropriate nonbankruptcy forum. See Advisory Committee Note, Bankruptcy Rule 4007, Norton Bankr. L. & Prac., at 267-68 (1987); R. Ginsberg, Bankruptcy, Prentice Hall Information Services, § 12,653 (1986).

*In re Galbreath*, 83 B.R. 549, 551 (Bankr. S.D.Ill. 1988). *See also In re Franklin*, 179 B.R. 913, 917 (Bankr. E.D.Cal. 1995).

At oral argument the Debtor raised the issue of how long it would take to try the matter in state court. He asserts that it is "common knowledge" that it would take between 2 and 4 years to bring the matter to trial. The MDOR counters that a tracking order has issued although neither side provided the Court with a copy of the order. The Motion to Reopen, however, does not address removal or why discretionary abstention would not be proper. Based on the record before it, the Court finds that because the MDOR has an action pending in the state court, a court of competent jurisdiction, there is no reason to reopen the Chapter 7.

Therefore the Motion to reopen is DENIED.

Dated: June 6, 2006

                                                         Joel B. Rosenthal
                                                         United States Bankruptcy Judge